**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

CENTER FOR BIOLOGICAL DIVERSITY;
DEFENDERS OF WILDLIFE; ANIMAL LEGAL
DEFENSE FUND,

                    Plaintiffs,

      v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America; PATRICK
M. SHANAHAN, in his official capacity as Acting
Secretary of Defense; LIEUTENANT GENERAL
TODD T. SEMONITE, in his official capacity as
Commander and Chief of Engineers, U.S. Army Corps
of Engineers; KEVIN McALEENAN, in his official
capacity as Acting Homeland Security Secretary;
DAVID BERNHARDT, in his official capacity as
Secretary of the Interior,

                    Defendants.

Civil Action No. 1:19-cv-00408 (TNM)

---

**CONSENT MOTION FOR BRIEFING SCHEDULE AND
TO STAY DISCOVERY AND INITIAL CASE MANAGEMENT OBLIGATIONS**

Pursuant to Local Civil Rule 7, Defendants hereby move for the Court to establish a briefing

schedule for Defendants' forthcoming renewed Motion to Dismiss, as set forth below. Defendants

further move for a stay of all discovery and initial case management obligations during the pendency

of Defendants' Motion. Plaintiffs have authorized Defendants to represent that they consent to the

filing of this Motion.

1.      Plaintiffs filed this suit on February 16, 2019. (ECF No. 1.)

2.      On April 2, 2019, Defendants moved to dismiss the Complaint in full pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 12.)

3.      On April 16, 2019, Plaintiffs filed a First Amended Complaint. (ECF No. 16.)

4.      On April 22, 2019, the parties conferred pursuant to Local Civil Rule 7(m) and agreed

to the following briefing schedule for Defendants' renewed Motion to Dismiss:

        a.   Motion to Dismiss: May 10, 2019

        b.   Opposition to Motion to Dismiss: May 31, 2019

        c.   Reply in support of Motion to Dismiss: June 12, 2019

5.      The parties further agreed to request a stay of discovery and initial case management obligations during the pendency of Defendants' renewed Motion.  This stay would apply, without limitation, to the attorney conference required pursuant to Local Rule 16.3 and Federal Rule of Civil Procedure 26(f); the issuance of a scheduling order pursuant to Rule 16(b); initial disclosure obligations pursuant to Rule 26(a)(1); and all other written, documentary, and oral discovery.

6.      Parties may seek a stay of discovery and other case management obligations for "good cause" during the pendency of a motion to dismiss.  *See* Fed. R. Civ. P. 26(c).  "[T]he decision whether to stay discovery is committed to the sound discretion of the district court judge." *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990).  In this Circuit, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quoting *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004)).  In these circumstances, a stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

7.      Here, the parties agree that good cause exists to enter the requested briefing schedule and to stay discovery and other initial case management obligations pending the resolution of Defendants' Motion.  Like Defendant's initial Motion to Dismiss, Defendants' renewed Motion will seek dismissal of the entire Complaint.  It will also raise threshold standing and justiciability issues.

The resolution of the Motion could result in a determination that the Court lacks jurisdiction over all or part of this case.  It could also render all or some discovery unnecessary, or serve to reduce the number and/or scope of potential discovery disputes.  For these reasons, a stay of discovery and initial case management obligations would promote efficiency and prevent the expenditure of unnecessary time or effort by the parties or the Court.

8.      Accordingly, Defendants respectfully request, with Plaintiffs' consent, that the Court stay all discovery and initial case management obligations, including, without limitation, the attorney conference required pursuant to Local Rule 16.3 and Federal Rule of Civil Procedure 26(f); the issuance of a scheduling order pursuant to Rule 16(b); initial disclosure obligations pursuant to Rule 26(a)(1); and all other written, documentary, and oral discovery, until the pending Motion to Dismiss has been resolved.

9.      Should any of Plaintiffs' claims remain following the resolution of the Motion to Dismiss, Defendants request, with Plaintiffs' consent, that the Court order within 30 days from the issuance of the order resolving the Motion a status report from the parties proposing a schedule to govern further proceedings, including any discovery and initial case management obligations, as appropriate.

Dated:  April 23, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

/s/ Andrew I. Warden
ANDREW I. WARDEN (IN Bar No. 23840-49)
Senior Trial Counsel, Federal Programs Branch

/s/ Leslie Cooper Vigen
LESLIE COOPER VIGEN (D.C. Bar No. 1019782)
KATHRYN C. DAVIS
MICHAEL J. GIRARDI
RACHAEL L. WESTMORELAND
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
Email: Leslie.Vigen@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

CENTER FOR BIOLOGICAL DIVERSITY;
DEFENDERS OF WILDLIFE; ANIMAL LEGAL
DEFENSE FUND,

                            Plaintiffs,

        v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America; PATRICK
M. SHANAHAN, in his official capacity as Acting
Secretary of Defense; LIEUTENANT GENERAL
TODD T. SEMONITE, in his official capacity as
Commander and Chief of Engineers, U.S. Army Corps
of Engineers; KEVIN McALEENAN, in his official
capacity as Acting Homeland Security Secretary;
DAVID BERNHARDT, in his official capacity as
Secretary of the Interior,

                            Defendants.

</td><td>

Civil Action No. 1:19-cv-00408 (TNM)

</td></tr>
</table>

**[PROPOSED] ORDER**

Upon consideration of Defendants' Consent Motion for Briefing Schedule and to Stay

Discovery and Initial Case Management Obligations, it is hereby **ORDERED**

    1.    The briefing schedule for Defendants' renewed Motion to Dismiss shall be as follows:

        a.  Motion to Dismiss: May 10, 2019

        b.  Opposition to Motion to Dismiss: May 31, 2019

        c.  Reply in support of Motion to Dismiss: June 12, 2019

    2.    For good cause shown, all discovery and initial case management obligations shall be

stayed during the pendency of Defendants' Motion to Dismiss, including, without limitation, the

attorney conference required pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure

26(f); the issuance of a scheduling order pursuant to Rule 16(b); initial disclosure obligations pursuant to Rule 26(a)(1); and all other written, documentary, and oral discovery.

3.     Should any of Plaintiffs' claims remain following the resolution of the Motion to Dismiss, the parties shall file a status report proposing a schedule to govern further proceedings within 30 days from the issuance of the order resolving the Motion.

**SO ORDERED.**

Dated: _____, 2019

_____
TREVOR  N. McFADDEN
United States District Judge