**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

        Plaintiffs,

   v.

DONALD J. TRUMP, in his official capacity as
President of the United States of America, *et al.*,

        Defendants.

Civil Action No. 1:19-cv-00408 (TNM)

---

**SUPPLEMENTAL BRIEF IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO DISMISS</u>**

## INTRODUCTION

The Secretary of Defense recently decided to authorize the construction of border barrier projects pursuant to authority Congress provided to him under 10 U.S.C. § 2808.  *See* Notice of Decision by the Dep't of Defense to Authorize Border Barrier Projects Pursuant to 10 U.S.C. § 2808 (Notice) (ECF No. 37).  This decision marks a change in circumstances from that which existed at the time Defendants moved to dismiss Plaintiffs' amended complaint.  At that time, the then-Acting Secretary had not yet determined whether to authorize or undertake any border barrier projects under § 2808.  *See* Declaration of Kenneth P. Rapuano (Rapuano Decl.) ¶ 14 (ECF No. 22-1).  For the reasons explained below, in light of the Secretary's decision, Defendants withdraw the argument that no final agency action exists within the meaning of the Administrative Procedure Act (APA) with respect to § 2808, because the decision does constitute final agency action.  The decision, however, does not affect any of Defendants' other motion-to-dismiss arguments, and those arguments mandate dismissal of Plaintiffs' complaint in its entirety, notwithstanding Defendants' withdrawal of the no-final-agency-action argument.

## I.   Procedural History Regarding 10 U.S.C. § 2808

On February 15, 2019, the President issued a proclamation declaring that a national emergency exists at the U.S. southern border that requires use of the armed forces, and *inter alia*, making available to the Secretary of Defense the authority to utilize § 2808 to "undertake military construction projects, not otherwise authorized by law that are necessary to support such use of the armed forces."  Defs.' Mot. 9–10 (quoting 10 U.S.C. § 2808(a)).

On May 10, 2019, Defendants filed a motion to dismiss Plaintiffs' amended complaint.  *See generally* Defs.' Mot. (ECF No. 22).  At that time, the Department of Defense (DoD) had not made a decision to undertake or authorize barrier construction projects pursuant to § 2808.  *See* Rapuano Decl. ¶ 14 ("The Acting Secretary of Defense has not yet decided to undertake or

authorize any barrier construction projects under section 2808."). This continued to be the case when Defendants filed their reply in support of the motion to dismiss. *See generally* Defs.' Reply (ECF No. 33).

On September 3, 2019, after the motion had been fully briefed, the Secretary of Defense authorized eleven border barrier projects in California, Arizona, New Mexico, and Texas pursuant to authority provided to him under 10 U.S.C. § 2808. *See* Notice. The Secretary determined that these projects were necessary to support the use of the armed forces in connection with the national emergency declared by the President. *See* Notice, Exhibit 1 (ECF No. 37-1). The Secretary concluded that the projects will "deter illegal entry, increase the vanishing time of those illegally crossing the border, and channel migrants to ports of entry," thereby "reduc[ing] the demand for DoD personnel and assets" at locations were barrier construction is to occur and allowing redeployment "to other high-traffic areas without barriers." *See id.* In an attachment to his decision memo, the Secretary specified the expected location, mileage, and estimated cost of the eleven proposed border barrier projects. *See id.* To fund the projects, the Secretary authorized the DoD Comptroller to make available to the Department of the Army for expenditure up to $3.6 billion in unobligated military construction funds. *See id.* And, in accordance with 10 U.S.C. § 2808(b), the Secretary notified Congress of his decision. *See* Notice, Exhibit 2 (ECF No. 37-2). DoD has also disclosed the list of unobligated military construction projects currently identified for deferral. *See* Supp. to Notice of Decision by the Dep't of Defense to Authorize Border Barrier Projects Pursuant to 10 U.S.C. § 2808 (Supp. Notice) (ECF No. 38).

Plaintiffs allege in the amended complaint that any use of 10 U.S.C. § 2808 to fund border barrier construction would violate that statute and the Consolidated Appropriations Act 2019, Pub. L. No. 116-6, 132 Stat. 2981 (2019) (CAA). Am. Compl. ¶¶ 155–70 (ECF No. 16). They bring

these claims pursuant to the APA and, in the alternative, pursuant to a claimed "non-statutory right of action to enjoin and declare those actions as *ultra vires*." *Id.* Defendants' motion to dismiss advanced three principal arguments as to why Plaintiffs' § 2808 claims should be dismissed: (1) DoD had taken no final agency action pursuant to § 2808, Defs.' Mot 39–40; (2) the use of § 2808 authority is committed to agency discretion by law, *id.* at 40–43; and (3) Plaintiffs' allegations fail to state a claim for violation of § 2808, *id.* at 46–48. As explained further below, DoD's § 2808 decision constitutes final agency action, and therefore requires withdrawal of Defendants' no-final-agency-action argument. It does not, however, affect Defendants' other arguments, which mandate dismissal of Plaintiffs' amended complaint in its entirety.

## II.      <u>DoD Has Now Taken Final Agency Action With Respect to 10 U.S.C. § 2808.</u>

As Defendants explained in their motion to dismiss, Defs.' Mot. 39–40, review under the APA is available only if there has been "final agency action," *see, e.g.*, *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 882 (1990). Final agency action is that which "mark[s] the consummation of the agency's decisionmaking process," *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal citation omitted), and "by which rights or obligations have been determined, or from which legal consequences will flow," *Nat'l Wildlife Fed.*, 497 U.S. at 894.

On May 10, 2019, when Defendants filed their motion to dismiss, the then-Acting Secretary of Defense had not yet made a decision to undertake or authorize border construction under § 2808. Rapuano Decl. ¶ 14. Accordingly, Defendants argued that Plaintiffs' § 2808 APA claim should be dismissed because, given that the Secretary's decisionmaking process had not been completed, DoD had not taken final agency action pursuant to § 2808. Defs.' Mot. 39–40; *see also* Defs.' Reply 18.

After Defendants' motion had been fully briefed, on September 3, 2019, the Secretary of Defense determined pursuant to authority granted to him under § 2808 that eleven military

construction projects along the U.S. southern border were necessary to support the use of the armed forces in connection with the national emergency declared by the President on February 15, 2019. *See* Notice, Exhibit 1. Defendants concede that this decision with respect to the use of § 2808 authority constitutes final agency action under the APA. Accordingly, Defendants hereby withdraw their argument that no final agency action exists with respect to § 2808.[1]

### III.        Defendants' Other Arguments Remain Applicable and Mandate Dismissal.

Although, as a result of the Secretary's § 2808 decision, Defendants no longer contend that the APA's final agency action requirement is lacking, that is the *only* argument affected by the Secretary's recent actions. Defendants continue to advance the remainder of the arguments set forth in the motion to dismiss and in the reply in support of that motion. The remaining arguments require dismissal of Plaintiffs' § 2808 claims (along with the rest of the amended complaint). Specifically, Defendants' arguments that the Secretary's § 2808 decision is unreviewable because such a determination is committed to agency discretion by law, and that Plaintiffs fail to state a claim for violation of § 2808, both remain applicable and valid.

As explained in the motion to dismiss, a final decision by the Secretary of Defense to undertake military construction pursuant to § 2808 is not reviewable because it is "committed to agency discretion by law." Defs.' Mot. 40–43 (quoting 5 U.S.C. § 701(a)(2)). This is because no judicially manageable standards are available to judge two necessary prerequisites to the exercise of § 2808 authority: a Presidential determination that a national emergency exists "that requires use of the armed forces," and a determination by the Secretary of Defense to undertake military

---

[1] Should Plaintiffs' § 2808 causes of action survive Defendants' motion to dismiss, it would be appropriate to resolve those claims upon consideration of the administrative record created as a result of the Secretary of Defense's decision regarding the use of his § 2808 authority (which exists now that final agency action has occurred). *See* 5 U.S.C. § 706. At the motion-to-dismiss stage, however, the Court's review must focus upon the allegations in Plaintiffs' amended complaint.

construction projects that are "necessary to support such use of the armed forces." *Id.* (quoting 10 U.S.C. § 2808(a)). The determination as to whether and to what extent to utilize the armed forces is properly left to the sound discretion of the Commander in Chief and his military leadership, and courts routinely defer to their expertise in making such military judgments. *Id.* This remains true now that the Secretary has made a decision to exercise his discretion here with respect to § 2808.

Defendants' arguments that Plaintiffs' allegations fail to state a violation of § 2808 likewise continue to apply subsequent to the Secretary's § 2808 decision. *See* Defs.' Mot. 46–48. Plaintiffs have not amended their complaint following the Secretary's decision, and the Court must therefore consider their allegations in evaluating Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in the motion to dismiss, Plaintiffs' allegations as to why DoD's actions violate § 2808 are "nothing more than conclusions" unsupported by factual allegations. *Id.* at 47–48 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Such conclusory allegations warrant dismissal, the Secretary's decision notwithstanding. Nor does the § 2808 determination alter Defendants' response to Plaintiffs' argument that the use of § 2808 for border barrier construction is inconsistent with the broader statutory scheme of the military and immigration codes. *Id.* at 48. As the motion to dismiss details, the statutory provisions cited by Plaintiffs are entirely unrelated to the Secretary of Defense's ability to exercise his § 2808 authority. *See id.* The Secretary's decision does not have any impact upon this purely statutory argument.

Just as the Secretary of Defense's decision to authorize border barrier projects pursuant to § 2808 does not affect Defendants' § 2808 contentions—save the now-withdrawn final agency action argument—the § 2808 determination has no effect on Defendants' arguments demonstrating

5

why Plaintiffs' other claims must be dismissed.  As explained in the motion to dismiss, Plaintiffs'

National Emergencies Act claim and National Environmental Policy Act claim must be dismissed

due to lack of jurisdiction, and their challenge to DoD's transfer of funds under § 8005 of the DoD

Appropriations Act 2019, Pub. L. No. 115-245, 132 Stat. 2918 (2018), fails for want of standing.

Defs.' Mot. 22–38.  Plaintiffs have moreover failed to demonstrate that they fall within the zone

of interests of § 8005.  *Id.* at 43–45.  Nor have they plausibly alleged a statutory violation of § 8005

or the CAA under the APA, *id.* at 48–52, or stated any claim pursuant to a non-statutory, ultra

vires cause of action, *id.* at 52–53.  Finally, Plaintiffs' allegations amount to nothing more than

allegations of statutory violations, which requires dismissal of their constitutional claims.  *Id.* at

53–55.  Because none of these arguments turns upon—or even concerns—whether or not the

Secretary has made a decision pursuant to § 2808, each continues to apply with full force, and in

the aggregate, they require dismissal of Plaintiffs' amended complaint in its entirety.

## CONCLUSION

Defendants' decision to authorize border barrier projects pursuant to 10 U.S.C. § 2808 does

not alter the conclusion that, for the reasons explained in Defendants' motion to dismiss, Plaintiffs'

amended complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).[2]

Dated:  September 18, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

---

[2] As previously stated, Defendants stand ready to appear for argument to address these and other issues raised in Defendants' motion to dismiss at the Court's earliest convenience.

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Senior Trial Counsel, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN (D.C. Bar No. 1019782)
KATHRYN C. DAVIS
MICHAEL J. GIRARDI
RACHAEL L. WESTMORELAND
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
Email: Leslie.Vigen@usdoj.gov

*Counsel for Defendants*