IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; DEFENDERS OF WILDLIFE; ANIMAL LEGAL DEFENSE FUND,<br><br>      Plaintiffs,<br><br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*,<br><br>      Defendants. | Civil Action No. 19-CV-00408 (TNM) |
| RIO GRANDE INTERNATIONAL STUDY CENTER (RGISC), *et al.*,<br><br>      Plaintiffs,<br><br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*,<br><br>      Defendants. | Civil Action No. 19-CV-00720 (TNM) |

**NOTICE REGARDING FUNDING OF BORDER BARRIER PROJECTS
PURSUANT TO 10 U.S.C. § 284 IN FISCAL YEAR 2020**

 Defendants hereby notify the Court and parties in the above-captioned cases that the Department of Defense (DoD) has approved making additional appropriated funds available for use on the existing border barrier projects undertaken pursuant to 10 U.S.C. § 284.

 As explained in Defendants' prior submissions in these cases, in fiscal year 2019 DoD authorized $2.5 billion in border barrier construction support to the Department of Homeland Security under 10 U.S.C. § 284(b)(7). *See* Third Declaration of Kenneth P. Rapuano ¶ 3 (May 15, 2019) (ECF No. 26-2 in 19-cv-408; ECF No. 34-5 in 19-cv-720). The funding for these projects

was provided using DoD's general transfer authority under § 8005 of the DoD Appropriations Act, 2019 (Pub. L. 115-235), and § 1001 of the John S. McCain National Defense Authorization Act for Fiscal Year 2019 (NDAA) (Pub. L. 115-232), as well as DoD's special transfer authority under § 9002 of the DoD Appropriations Act and § 1512 of the NDAA. *See* Declaration of Kenneth P. Rapuano ¶ 5 (April 25, 2019) (ECF No. 22-1 in 19-cv-408; ECF No. 34-3 in 19-cv-720); Second Declaration of Kenneth P. Rapuano ¶ 7 (May 13, 2019) (ECF No. 25-1 in 19-cv-408; ECF No. 34-4 in 19-cv-720); Third Rapuano Decl. ¶ 4. None of these funds were drawn from direct appropriations to the counter-narcotics support line of the Drug Interdiction and Counter-Drug Activities, Defense, account (counter-narcotics account). *See id.*; *see also Sierra Club v. Trump*, 379 F. Supp. 3d 883, 918 n.17 (N.D. Cal. 2019).

In fiscal year 2020, which begins on October 1, 2019, the U.S. Army Corps of Engineers (USACE) requires up to $90 million in fiscal year 2020 funds from the counter-narcotics account to cover its operating costs, such as labor and travel costs, for the oversight and management of the § 284 construction contracts during fiscal year 2020. *See* Sixth Declaration of Kenneth P. Rapuano ¶¶ 3-4 (Sept. 30, 2019) (attached as Exhibit 1).[1] In fiscal year 2019, these operating costs were funded by the $2.5 billion transferred to the counter-narcotics account. *Id.* ¶ 5. In fiscal year 2020, these costs will be covered by funds appropriated to the counter-narcotics account. *Id.* The funds will be disbursed to USACE in increments, subject to the availability of funds, as needed over the course of the fiscal year. *Id.* ¶ 4. The first increment of up to $12 million will be available for USACE's use beginning on October 7, 2019. *Id.*

---

[1] On September 27, 2019, the President signed into law H.R. 4378, the "Continuing Appropriations Act, 2020, and Health Extenders Act of 2019," which provides fiscal year 2020 appropriations to federal agencies through November 21, 2019.

Additionally, DoD is making available $129.085 million of expiring fiscal year 2019 funds from the counter-narcotics account to address any unanticipated, within-scope contract costs associated with fiscal year 2019 counter-narcotics projects, including the § 284 construction contracts.  *Id.* ¶¶ 4, 7.  The Military Departments returned $129.085 million to the counter-narcotics account at the end of fiscal year 2019 because they determined those funds to be excess to need in fiscal year 2019.  *Id.* ¶ 7.  None of the excess fiscal year 2019 funds made available for contingency costs will be obligated unless (1) a contractor first makes a request for equitable adjustment, or the government identifies the need for an adjustment and makes a request for proposal to address that need, due to an unanticipated additional expense in performing the contract; (2) the contracting officer determines that the expense constitutes an antecedent liability under the terms of the contract (*e.g.*, changed site condition); and (3) the relevant official approves an upward obligation adjustment for the contract.  *Id.* ¶ 8.  USACE does not anticipate using any of these funds for upward obligation adjustments on the existing § 284 contracts before October 7, 2019.  *Id.*

For both the operating costs and contingency costs, the additional amounts of appropriated funds made available will not be used for any additional border barrier projects or to expand the scope of any existing projects.  *Id.* ¶ 3.  Further, funds for the Drug Demand Reduction program, the National Guard Counter-drug program, or the National Guard Counter-drug Schools program were not made available for these costs.  *Id.* ¶¶ 6, 9.

Dated:  September 30, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

/s/ *Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Senior Trial Counsel, Federal Programs Branch

KATHRYN C. DAVIS (D.C. Bar No. 985055)
MICHAEL J. GERARDI
LESLIE COOPER VIGEN (D.C. Bar No. 1019782)
RACHAEL L. WESTMORELAND
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-5084
Fax: (202) 616-8470
Email: Andrew.Warden@usdoj.gov

*Counsel for Defendants*

# EXHIBIT 1

SIXTH DECLARATION OF KENNETH P. RAPUANO

I, KENNETH P. RAPUANO, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Assistant Secretary of Defense for Homeland Defense and Global Security (ASD(HD&GS)). Among other duties, which are generally reflected in Department of Defense (DoD) Directive 5111.13, I am responsible for developing, coordinating, and overseeing implementation of DoD policy for plans and activities related to defense support of civil authorities. On April 5, 2018, the Secretary of Defense designated the ASD(HD&GS) to manage the then-newly established DoD Border Security Support Cell. The DoD Border Security Support Cell is the focal point and integrator for all requests for assistance, taskings, and information related to DoD support pursuant to the President's April 4, 2018, memorandum, "Securing the Southern Border of the United States."

2. This declaration is based on my own personal knowledge and on information made available to me in the course of my official duties.

3. As described in my previous declarations, DoD has made available $2.5 billion for border barrier projects under 10 U.S.C. § 284(b)(7). The U.S. Army Corps of Engineers (USACE) recently informed me that it would require fiscal year (FY) 2020 funds to cover USACE operating costs, such as labor and travel costs, for the oversight and management of the existing Section 284 construction contracts during FY 2020. USACE estimates that it will need up to $90 million for these costs. Also, USACE recently informed me that it may need additional funds to cover unanticipated, within-scope contract costs for the existing projects. USACE estimates that the potential cost for such contingencies would not exceed 10 percent of the total cost of the contracts. In both cases, the additional amounts will not be used for any additional projects or to expand the scope of any existing projects.

FY 2020 USACE Operating Costs

4. USACE has informed me that it will require up to $90 million from the FY 2020 Counter Narcotics Support budget activity of the Drug Interdiction and Counter-Drug Activities, Defense, appropriation (counter-narcotics account) for USACE operating costs associated with USACE's oversight and management of existing Section 284 contracts in FY 2020, but that it will not require such funds until October 7, 2019, at the earliest. I am informed that the Acting Under Secretary of Defense (Comptroller)/Chief Financial Officer (Acting Comptroller) intends to make up to a total of $90 million available to USACE in increments, subject to the availability of funds, as needed over the course of FY 2020 for this purpose. The Acting Comptroller will make an initial increment of up to $12 million available for USACE's use beginning on October 7, 2019.

5. USACE's FY 2019 operating costs were funded by the $2.5 billion that were transferred to the counter-narcotics account pursuant to Sections 8005 and 9002 of the DoD Appropriations Act, 2019. USACE's FY 2020 operating costs will be covered by funds appropriated to the counter-narcotics account in FY 2020.

1

6. Funds for the Drug Demand Reduction program, the National Guard Counter-drug program, or the National Guard Counter-drug Schools program will not be used for USACE operating costs.

Contingency Costs

7. On September 30, 2019, the Acting Comptroller made available to the Department of the Army $129.085 million of expiring FY 2019 funds from the counter-narcotics account. These funds will be available to address any unanticipated, within-scope contract costs associated with counter-narcotics activities funded through the Operation and Maintenance, Army, appropriation during FY 2019, including the existing Section 284 construction contracts. The Office of the Under Secretary of Defense (Comptroller) has informed me that the Military Departments returned $129.085 million to the counter-narcotics account at the end of FY 2019 because they determined those funds to be excess to need in that fiscal year.

8. None of the FY 2019 funds made available for contingency costs will be obligated unless (1) a contractor first makes a request for equitable adjustment, or the government identifies the need for an adjustment and makes a request for proposal to address that need, due to an unanticipated additional expense in performing the contract; (2) the contracting officer determines that the expense constitutes an antecedent liability under the terms of the contract (e.g., changed site condition); and (3) the relevant official approves an upward obligation adjustment for the contract. USACE has informed me that it does not anticipate using any of these funds for upward obligation adjustments on the existing Section 284 contracts before October 7, 2019.

9. Funds for the Drug Demand Reduction program, the National Guard Counter-drug program, or the National Guard Counter-drug Schools program were not made available for these contingency costs.

***

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on:   September 30, 2019

_____
KENNETH P. RAPUANO

SEP 3 0 2020