## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>LLOYD J. AUSTIN III, in his official capacity as Secretary of Defense, *et al.*,<br><br>        Defendants. | No. 19-cv-00408 (TNM) |
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>LLOYD J. AUSTIN III, in his official capacity as Secretary of Defense, *et al.*,<br><br>        Defendants. | No. 20-cv-01230 (TNM) |

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

# SETTLEMENT AGREEMENT

This Settlement Agreement is made between and among Plaintiffs Center for Biological Diversity, Defenders of Wildlife, and Animal Legal Defense Fund (collectively "Plaintiffs"), and Lloyd J. Austin, in his official capacity as Secretary of Defense, Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, Lieutenant General Scott A. Spellmon, in his official capacity as Commanding General of the United States Army Corps of Engineers, and Deb Haaland in her official capacity as Secretary of the Interior (collectively, "Defendants").

# RECITALS

WHEREAS Plaintiffs filed two lawsuits in the United States District Court for the District of Columbia captioned *Center for Biological Diversity et. al., v. Austin et al.*, Case No. 19-CV-408 (TNM) ("*CBD I*") and *Center for Biological Diversity et. al., v. Austin et al.*, Case No. 20-CV-1230 (TNM) ("*CBD II*") challenging construction of border barriers on the southern border of the United States using funds provided by the Department of Defense ("DoD") in fiscal years 2019 and 2020.

WHERAS Plaintiffs alleged that Defendants took action that was ultra vires and in violation of the Consolidated Appropriations Acts of 2019 and 2020; the Department of Defense Appropriations Act of 2019; the National Emergencies Act; 10 U.S.C. § 2808; the National Environmental Policy Act; the Administrative Procedure Act; the Appropriations Clause of the U.S. Constitution (Article I, § 9, clause 7), and the Take Care Clause of the U.S. Constitution (Article II, § 30.  *See* Pls.' Am. Compl., *CBD I*, ECF No. 16; Pls.' Am. Compl., *CBD II*, ECF No. 17.

WHEREAS, Plaintiffs and Defendants (collectively, "the Parties") agreed to stay proceedings in *CBD II* pending resolution of *CBD I*.  *See CBD II*, ECF No. 12.

1

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

WHEREAS, on September 4, 2020, with the filing of Plaintiffs' Sur-Reply in *CBD I* (ECF No. 75), the Parties completed briefing on cross motions for summary judgment in *CBD I*.

WHEREAS, on January 20, 2021, President Biden issued a Proclamation declaring that "[i]t shall be the policy of [his] Administration that no more American taxpayer dollars be diverted to construct a border wall." *See* Proclamation No. 10142, 86 Fed. Reg. 7225, 7225 (Jan. 27, 2021).

WHEREAS, in furtherance of that policy, the President:

(A) Directed the Secretary of Defense and the Secretary of Homeland Security to "pause work on each construction project on the southern border wall, to the extent permitted by law" *id.* § 1(a)(i), and to "pause immediately the obligation of funds related to construction of the southern border wall, to the extent permitted by law." *Id.* § 1(a)(ii).

(B) Directed an "assessment of the legality of the funding and contracting methods used to construct the wall" and of "the administrative and contractual consequences of ceasing each wall construction project." *Id.* § 1(a)(i).

(C) Ordered agencies to "compile detailed information on all southern border wall construction projects, the completion status of each wall construction project, and the funds used for wall construction since February 15, 2019." *Id.* § 1(a)(iii).

(D) Directed the Secretary of Defense and the Secretary of Homeland Security, in consultation with the Attorney General and other officials, to develop a plan within 60 days "for the redirection of funds concerning the southern border wall, as appropriate and consistent with applicable law." *Id.* § 2.

Settlement Agreement in the matters of *Center for Biological Diversity et. al.,*
*v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

WHEREAS, on February 24, 2021, the Parties filed in *CBD I* a Joint Status Report and Request for Stay of Proceedings, ECF No. 81, which the Court granted. *See* Minute Order, *CBD I* (Feb. 24, 2021).

WHEREAS, on April 30, 2021, DoD notified the Court and Plaintiffs that it had decided to cancel all border wall projects undertaken pursuant to 10 U.S.C. § 284 and 10 U.S.C. § 2808. *See* Notice of Decision by the Department of Defense to Cancel Border Wall Projects Undertaken Pursuant to 10 U.S.C. § 284 and 10 U.S.C. § 2808. *See CBD I*, ECF No. 84.

WHEREAS, on June 11, 2021, DoD and the Department of Homeland Security ("DHS") completed their plans for the redirection of funds concerning the southern border wall, as directed by Section 2 of Proclamation No. 10142 ("Border Wall Plan"). *See CBD I*, ECF No. 86. The Border Wall Plan committed to:

(A) Cancel all border wall projects undertaken pursuant to 10 U.S.C. § 284 and 10 U.S.C. § 2808.

(B) Redirect approximately $2.2 billion of DoD funds that were diverted away from military construction projects back to fund those projects. *Id.* at 2.

(C) Not undertake any new barrier construction work on the former § 284 and § 2808 projects. *Id.* at 4.

(D) End border wall construction funded by the Treasury Forfeiture Fund and return any excess funds to the Fund. *Id.* at 4.

(E) Fund remediation work at the former § 284 and § 2808 projects sites that are turned over to DHS with its Fiscal Year 2021 border wall appropriation, subject to the availability of those funds. *Id.* at 3-4.

3

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

WHEREAS by and through this Agreement, Plaintiffs and Defendants wish to resolve all of the claims in *CBD I* and *CBD II* ("the Lawsuits"), and any and all other claims, complaints, or issues that have been or could have been asserted by Plaintiffs against Defendants, without the need for further litigation and without any admission of liability;

NOW, THEREFORE, in consideration of the promises and mutual covenants and other good and valuable consideration set forth herein, the Parties hereby stipulate and agree as follows:

## AGREEMENT

**Stop Border Barrier Construction**

1.  DoD and DHS agree to halt construction of border barriers to the extent such construction activity is funded by money transferred pursuant to section 8005 of the Department of Defense Appropriations Act of 2019 and 2020, and undertaken pursuant to 10 U.S.C. § 284. DoD and DHS also agree to halt construction of border barriers to the extent such construction activity is funded by fiscal year 2015–2019 military construction funds made available pursuant to 10 U.S.C. § 2808. This Agreement shall not apply to border barrier construction using other sources of funds, including funds appropriated by Congress to DHS.

**Environmental Remediation Projects**

2.  Subject to the availability of funding for such purposes, DoD and DHS agree to undertake the categories of remediation and mitigation work listed paragraph 2.a – m to address the impacts of border barrier construction at the project sites funded by (1) money transferred pursuant to section 8005 of the Department of Defense Appropriations Act of 2019 and 2020, and undertaken pursuant to 10 U.S.C. § 284; and (2) fiscal year 2015–2019 military construction funds made available pursuant to 10 U.S.C. § 2808 ("Project Sites").

4

      a.    Remove construction equipment, materials, and debris from project sites;

      b.    Backfill or cover open trenches;

      c.    Remove or cut exposed rebar;

      d.    Install appropriate warning signage for potential obstacles, low water crossing, and hazards;

      e.    Cut, cap, and secure exposed above-ground conduits;

      f.    Remove or secure large and unstable rock from steep slopes;

      g.    Backfill and grade border roads and low-water crossings;

      h.    Implement erosion control measures;

      i.    Revegetation of disturbed areas;

      j.    Evaluate whether to retain or decommission construction roads;

      k.    Repair or restore border and access roads, including completion of appropriate road safety measures;

      l.    Completion or repair of water drainage projects;

      m.    Installation of cattle fencing and cattle guards;

      n.    Stormwater pollution prevention measures, including removal of sediment from drains and installation of measures to prevent sediment accumulation;

      o.    Installation of small wildlife passages within existing barriers;

      p.    Decommission water wells utilized during construction that are no longer necessary for continued Border Patrol operations.

3.    Defendants will assess the status of conditions of the Project Sites to determine the appropriate scope and extent of the remediation activities listed in paragraph 2. The Parties agree that the activities listed in paragraph 2 may not be appropriate at every Project Site. Defendants shall have sole and exclusive authority to determine when, how, or where, if at all, to undertake the activities listed in paragraph 2 at the Project Sites.

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

**Consultation**

  4. For the § 284 project sites, DHS agrees to disclose DHS's proposed plans for the Environmental Remediation Projects listed in paragraph 2 and provide Plaintiffs with an opportunity to provide input and comments on those remediation plans. DHS intends to proceed with standard environmental planning, including actions consistent with the National Environmental Policy Act ("NEPA"), concerning the Environmental Remediation Projects for the § 2808 project sites. Plaintiffs will have the opportunity to provide input and comments on the proposed remediation for the § 2808 project sites as part of the standard environmental planning process.

  5. DHS shall provide Plaintiffs with periodic (at least twice annually) status reports regarding the Environmental Remediation Projects.

**Environmental Study**

  6. Subject to the availability of funding for such purposes, U.S. Customs and Border Protection ("CBP"), a component of Defendant DHS, will fund a study that will assess the impacts of barrier infrastructure construction at the Project Sites on the connectivity of wildlife populations between the United States and Mexico. The study will be conducted by a source procured or contracted by CBP with relevant experience and expertise for this type of study. In planning and executing the study, CBP will collaborate with Defendant U.S. Department of the Interior ("DOI"), including, as appropriate, DOI component agencies National Park Service, U.S. Fish and Wildlife Service, U.S. Bureau of Land Management, or United States Geological Survey. CBP will solicit information, data, and recommendations from DOI to inform the content, scope, and execution of the study, including with respect to the wildlife populations to study and geographic locations for the study. The study will promptly be made available to the

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

public upon completion. DHS/CBP shall provide Plaintiffs with periodic (at least twice annually) status reports regarding the study. In no event shall the cost of the study exceed $800,000.00.

**Dismissal of Claims**

7. Within 10 calendar days of the effective date of this Agreement, Plaintiffs will dismiss with prejudice the Lawsuits by having counsel file a Motion for Dismissal with Prejudice, a copy of which is attached hereto as Exhibit A, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**No Admission of Liability**

8. This Agreement has been entered into by the Parties solely for the purposes of compromising disputed claims related to border barrier construction funded by (1) money transferred pursuant to section 8005 of the Department of Defense Appropriations Act of 2019 and 2020, and undertaken pursuant to 10 U.S.C. § 284; and (2) fiscal year 2015–2019 military construction funds made available pursuant to 10 U.S.C. § 2808 without further protracted legal proceedings and avoiding the expense and risk of further litigation. Defendants deny liability as to each of the claims, motions, petitions, and requests that were raised, or that could have been raised, in the Lawsuits. This Agreement does not constitute, and may not be construed as, a determination or an admission of a violation of any constitutional provision, statute, law, rule, regulation, policy, or contract by the Defendants. Furthermore, none of the terms of this Agreement may be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action or proceeding other than proceedings permitted by law, if any, that may be necessary to consummate or enforce this Agreement.


Settlement Agreement in the matters of *Center for Biological Diversity et. al.,
v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

**Release and Discharge**

9. Plaintiffs, for themselves and their administrators, heirs, representatives, successors, or assigns, fully and forever waive, release and discharge the Defendants and their components, agents, employees and former employees, both in their official and their individual capacities, and the United States from any and all claims, demands, and causes of actions of every kind, nature or description, whether for monetary or equitable relief, and whether currently known or unknown, that Plaintiffs may have had, may now have, or may hereafter have arisen out of or in connection with any event related to order barrier construction funded by (1) money transferred pursuant to section 8005 of the Department of Defense Appropriations Act of 2019 and 2020, and undertaken pursuant to 10 U.S.C. § 284; and (2) fiscal year 2015–2019 military construction funds made available pursuant to 10 U.S.C. § 2808.  This release shall not apply to any claims Plaintiffs may assert against border barrier construction projects funded by other sources of funds, including funds appropriated by Congress to DHS.

**Covenants Not to Sue or Commence Further Proceedings**

10. Plaintiffs hereby covenant that they will not commence against the Defendants their components, agents, employees or former employees, either in their official or their individual capacities, or the United States any action, claim, suit, or administrative proceeding on account of any claim or cause of action that has been released or discharged by this Agreement.

**Rule of Construction**

11. This Agreement shall be considered a jointly drafted agreement and shall not be constructed against any party as the drafter.

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

**Integration**

12. This Agreement and its Exhibits constitute the entire agreement and understanding between the Parties entered into in good faith, and no statement, representation, remark, agreement, or understanding, in oral or written form, that is not contained in this Agreement shall be enforced, recognized, or used to interpret this Agreement or its Exhibits. The Parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

**Severability**

13. The provisions of this Agreement are severable.  Should any provision of this Agreement, for any reason, be deemed or held invalid or unenforceable, in whole or in part, by a court of law, said determination shall not affect any other provision of this Agreement.

**No Third Party Rights**

14. This Agreement is not intended to create, and does not create, any third-party beneficiary rights or any other kind of right or privilege for any person, group, or entity.

**No Prior Assignment of Rights and Interests**

15. Plaintiffs represent and warrant that they are the sole and lawful owners of all rights, titles, and interests in all claims and matters which they purport to release herein, and that they have not heretofore assigned or transferred, attempted to assign or transfer, or purported to assign or transfer any claim or matter released herein.  Plaintiffs shall indemnify the Defendants and any of their current or former employees, officers, or agents, whether in their official or individual capacities, against, and defend and hold them harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

**Full Authority to Sign**

16. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to execute the Agreement on behalf of himself or herself, or on behalf of the party or entity on whose behalf he or she signs.

**Execution in Counterparts**

17. This Agreement may be executed and delivered in counterparts. Each counterpart, when executed, shall be considered one and the same instrument, which shall comprise the Agreement, which takes effect on the Effective Date.

**Modification and Amendment**

18. This Agreement cannot be modified or amended except through a written instrument that specifically refers to this Agreement and that is signed by the Parties or their counsel. No provision of this Agreement may be waived or altered except through a written waiver or amendment signed by the Parties or their counsel acting on their behalf.

**Binding Successors**

19. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, successors, assigns and personal representatives, including any persons, entities, departments or agencies succeeding to the interests or obligations of the Parties.

**Attorneys' Fees & Costs**

20. The Parties agree that each party shall bear its own costs, expenses, and attorneys' fees associated with litigating the Lawsuits.

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

**Effective Date**

21. The effective date of this Agreement will be the date on which it is executed by all the undersigned Parties. The Parties further agree that signature by electronic means shall have the same effect for all purposes as an ink-signed original agreement.

Dated: March 23, 2022

BRIAN M. BOYNTON
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

ANDREW WARDEN
Digitally signed by ANDREW WARDEN
Date: 2022.03.23 15:01:08 -04'00'

ANDREW I. WARDEN
Senior Trial Counsel (IN Bar No. 23840-49)
RACHAEL L. WESTMORELAND
MICHAEL J. GERARDI
LESLIE COOPER VIGEN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:  (202) 616-5084
Fax:  (202) 616-8470
E-Mail:  Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

Brian Segee
Digitally signed by Brian Segee
DN: cn=Brian Segee, o, ou, email=bsegee@biologicaldiversity.org, c=US
Date: 2022.03.24 10:00:29 -07'00'

Brian Segee (CA Bar No. 200795)
CENTER FOR BIOLOGICAL DIVERSITY
660 S. Figueroa St., Suite 1000
Los Angeles, CA 90017
Tel: (805) 750-8852
Email: bsegee@biologicaldiversity.org

*Counsel for Plaintiffs*

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

**EXHIBIT A**

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LLOYD J. AUSTIN III, in his official capacity as Secretary of Defense, *et al.*, <br><br> Defendants. | No. 19-cv-00408 (TNM) |
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LLOYD J. AUSTIN III, in his official capacity as Secretary of Defense, *et al.*, <br><br> Defendants. | No. 20-cv-01230 (TNM) |

**UNOPPOSED MOTION FOR DISMISSAL WITH PREJUDICE**

The parties have executed a settlement agreement that resolves the above-captioned cases. In accordance with that agreement, Plaintiffs move to dismiss these action, in their entirety, with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Each party shall bear its own costs and attorneys' fees. Defendants do not oppose this motion. A proposed order is attached.

Date:   XX                                                                                  Respectfully submitted,

13

Settlement Agreement in the matters of *Center for Biological Diversity et. al.,*
 *v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

14

                                                           Brian Segee (CA Bar No. 200795)
                                                           (Pro Hac Vice)
                                                           CENTER FOR BIOLOGICAL DIVERSITY
                                                           660 S. Figueroa St., Suite 1000
                                                           Los Angeles, CA 90017
                                                           Tel: (805) 750-8852
                                                           Email: bsegee@biologicaldiversity.org

                                                           *Counsel for Plaintiffs*

Case 1:19-cv-00408-TNM   Document 93   Filed 03/24/22   Page 16 of 17

Settlement Agreement in the matters of *Center for Biological Diversity et. al., v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>LLOYD J. AUSTIN III, in his official capacity as Secretary of Defense, *et al.*,<br><br>      Defendants. | No. 19-cv-00408 (TNM) |
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>LLOYD J. AUSTIN III, in his official capacity as Secretary of Defense, *et al.*,<br><br>      Defendants. | No. 20-cv-01230 (TNM) |

**[Proposed] ORDER**

      Upon consideration of Plaintiffs' unopposed motion for dismissal with prejudice, it is hereby

      ORDERED that the above-captioned cases are DISMISSED WITH PREJUDICE as to all parties in its entirety. *See* Fed. R. Civ. P. 41(a)(2). Each party shall bear its own costs and attorneys' fees.

Settlement Agreement in the matters of *Center for Biological Diversity et. al.,*
*v. Austin et al.,* Case Nos. 19-CV-408, 20-CV-1230 (D.D.C.)

DATE:_____                                             _____
                                                                                                     Trevor N. McFadden
                                                                                                     United States District Judge